# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALVIN H. DANIELS,

        Plaintiff,

v.                                              Case No. 07-C-1005

MARK ZBIERANEK,

        Defendant.

## ORDER

Plaintiff Alvin H. Daniels, who is currently incarcerated at the Milwaukee Secure Detention Facility (MSDF), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed in forma pauperis. On November 21, 2007, the court ordered that the plaintiff forward to the clerk of this court the sum of $10.14 as an initial partial filing fee in this action. See 28 U.S.C. § 1915(b)(1). Before the court is the plaintiff's motion to waive the initial partial filing fee.

In support of his motion to waive the initial partial filing fee, the plaintiff contends that he is currently suffering extreme financial hardship which makes it unlikely that he will be able to timely pay the initial partial filing fee. The plaintiff states that during the six month period prior to filing the complaint, which is the period the court used to calculate the initial partial filing fee, he was in an Alcohol and Other Drug Abuse (AODA) treatment program at MSDF and was paid $21.00 per month while in the program. However, the plaintiff states that he no longer receives that program pay and that he receives nothing from the prison in funds.

According to the plaintiff, on October 9, 2007, he was arrested for allegedly violating his parole rules, for which he is now in custody, and at the time of his arrest he had exactly

the sum of $4.75 on his person. The plaintiff asserts that since his arrest, he has received no additional funds. The plaintiff further asserts that the prison facility where he is incarcerated provides legal loans, but that he has been unable to obtain one because his prison account does not have a zero balance. The plaintiff concludes that because he currently has only approximately $0.50 in his account, and has not received any incoming funds since his arrest and custody on October 9, 2007, he is in no position to pay the $10.14 initial partial filing fee.

Under the Prison Litigation Reform Act (PLRA), the court must assess an initial partial filing fee of twenty (20%) percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. 28 U.S.C. § 1915(b)(1). As indicated, the court has assessed the plaintiff an initial partial filing fee of $10.14. This amount was obtained by following the statutory formula set forth above in § 1915(b)(1).

A prisoner will not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). However, in Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), overruled on other grounds by, Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit explained:

> It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when "the prisoner has no assets *and no means* by which to pay the initial partial filing fee." A prisoner with periodic income has "means" even when he lacks "assets."

Id. (emphasis in original). In short, the court is required to follow the statutory formula when assessing an initial partial filing fee and it may not waive the fee simply because the plaintiff has no money at a particular point in time. Based on the foregoing, the plaintiff's motion to waive the initial partial filing fee will be denied.

However, the plaintiff asserts that his trust account activity statement going back six months does not accurately reflect his current financial situation. Specifically, he is no longer receiving the $21.00 per month that he received while participating in an AODA program at MSDF. A review of the plaintiff's prisoner trust account activity statement reveals regular deposits to the account described as "AODA." The last such deposit occurred on August 29, 2007. The plaintiff's account was closed the following day, but was reopened on October 22, 2007. Thus, the court will calculate the initial partial filing fee from the date the plaintiff's trust account was reopened.

A review of this information reveals that, for the one-month period immediately preceding the filing of the instant complaint, the average monthly deposit to the plaintiff's prison account was $4.75 and the average monthly balance to the account was $3.26. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(B), the plaintiff is required to pay an initial partial filing fee of $0.95. The plaintiff shall pay the initial partial filing fee of $0.95 to the clerk of this court on or before January 10, 2008. Failure to pay the initial partial filing fee within the time specified will result in dismissal of this matter with prejudice pursuant to Local Rule 10.03 (E.D. Wis.) and Fed. R. Civ. P. 41(b).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to waive the initial partial filing fee (Docket #7) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the court's order of November 21, 2007, be and hereby is **vacated** to the extent that it assessed an initial partial filing fee of $10.14.

**IT IS FURTHER ORDERED** that on or before **January 10, 2008**, the plaintiff shall forward to the clerk of this court the sum of $0.95 as an initial partial filing fee in this action.

Upon payment of the initial partial filing fee, the court will determine whether the action can continue to proceed in forma pauperis. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint state a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 17th day of December, 2007.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge