# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

ALVIN H. DANIELS,

    Plaintiff,

  v.                              Case No. 07-C-1005

MARK ZBIERANEK,

    Defendant.

## DECISION AND ORDER

The plaintiff, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has been assessed and paid an initial partial filing fee of $.95. Therefore, the plaintiff's motion for an extension of time to pay the initial partial filing fee will be denied as moot. The plaintiff's motion for leave to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). However, before the court was able to screen the plaintiff's complaint, on January 10, 2008, the plaintiff filed a "motion for leave to file amended claim." The court construes this filing as a motion to amend the complaint. The plaintiff asserts he has recently received additional facts and information relating to his confinement. He further asserts that his continued confinement is illegal. Civil Local Rule 15.1 (E.D. Wis.) requires that any "party submitting a motion to amend must attach to the motion the original of the proposed amended pleading." The plaintiff did not file a proposed amended complaint with his motion.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading once as a matter of course any time before a responsive pleading is served. In this case, no responsive pleading has been served. Even though the plaintiff did not submit the proposed amended complaint with his motion, the court will grant his motion to amend. The plaintiff must file his amended complaint on or before **March 25, 2008**. If the plaintiff does not file an amended complaint by **March 25, 2008**, the court will screen the original complaint pursuant to 28 U.S.C. § 1915A.

The amended complaint must bear the docket number assigned to this case and

must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." Id. (citations omitted). The plaintiff must file an original and one copy of the amended complaint.

Finally, the plaintiff is advised that in order to proceed on a claim, he must identify the defendants who are personally involved in that claim. An official is personally involved if: a) he or she participates directly in the constitutional deprivation, b) acts or fails to act with reckless disregard of the plaintiff's constitutional rights, or c) the conduct that deprived the plaintiff of his constitutional rights occurred at the official's direction or with his or her knowledge and consent. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986); Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985); Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982).

## ADDITIONAL MOTIONS

On January 16, 2008, the plaintiff filed a motion for temporary restraining order and preliminary injunction that prohibits the defendant from transferring him to Alabama until a preliminary/final review has been completed by this court. The standards for a temporary restraining order and preliminary injunction are identical. To prevail on his motion, the plaintiff must establish: (1) a reasonable likelihood of success on the merits; (2) there is no adequate remedy at law; (3) he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the public interest will not be harmed by the injunction. See Goodman v. Ill. Dep't of

- 3 -

Fin. and Prof'l Regulation, 430 F.3d 432, 437 (7th Cir. 2005); see also Promatek Indus., Ltd. v. Equitrac Corp., 300 F.3d 808, 811 (7th Cir. 2002); Abbott Labs. v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater plaintiff's chances of success on the merits, the less strong a showing plaintiff must make that the balance of harm is in his favor. Storck v. Farley Candy Co., 14 F.3d 311, 314 (7th Cir. 1994).

The plaintiff has not established a basis for injunctive relief in this case. He has not presented any argument or evidence to show that he lacks an adequate remedy at law. Moreover, he has not shown a reasonable likelihood of success on the merits. Thus, the plaintiff's motion for a temporary restraining order and preliminary injunction will be denied.

On January 10, 2008, the plaintiff filed a motion for appointment of counsel. Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992); McKeever v. Israel, 689 F.2d 1315, 1318 (7th Cir. 1982). This court is authorized to request, but not to compel (see Mallard v. United States District Court, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). Jackson, 953 F.2d at 1071; McKeever, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. This court, therefore, appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. McNeil v. Lowney, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the

plaintiff was effectively precluded from making such efforts. Jackson, 953 F.2d at 1073. If a plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. A reasonable yet unsuccessful attempt to find an attorney does not entitle a plaintiff to appointment of counsel as of right. Rather, once the initial requirement is met, the court, in exercising its discretion with regard to the plaintiff's request, must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Moreover, because the court granted the plaintiff's motion to amend the complaint and because the amended complaint has not yet been filed, the court has not had the opportunity to evaluate the plaintiff's claims. At this stage, all that is required of the plaintiff is to file his amended complaint on or before March 25, 2008. Thus, at this juncture, the plaintiff's motion for appointment of counsel will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time to pay the initial partial filing fee (Docket #10) be and hereby is **denied as moot**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Docket #11) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that on or before **March 25, 2008**, the plaintiff shall file an amended complaint as described herein.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #12) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Docket #13) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.05 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 20th day of February, 2008.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge