# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALVIN H. DANIELS,

                Plaintiff,

       -vs-                                  Case No.   07-C-1005

MARK ZBIERANEK,

                Defendant.

## DECISION AND ORDER

The plaintiff, who was previously incarcerated at the Milwaukee Secure Detention Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On February 20, 2008, the court, inter alia, granted the plaintiff's motion for leave to proceed *in forma pauperis* and granted his motion to amend the complaint. The court directed the plaintiff to file his amended complaint on or before March 25, 2008, and advised that if he failed to do that, the court would screen the original complaint pursuant to 28 U.S.C. §1915A. The plaintiff has not filed an amended complaint and, therefore, the court will now screen the original complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir.

2

2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was previously detained at the Milwaukee Secure Detention Facility. Defendant Mark Zbieranek is a probation and parole agent employed by the Wisconsin Department of Community Corrections (DCC).

The plaintiff alleges that since he was granted parole on September 12, 2005, defendant Zbieranek has violated his constitutionally protected right to enjoy "conditional liberty." (Complaint ¶ IV.A.) The plaintiff further alleges that defendant Zbieranek has "used and abused his authority as a parole agent" to deny the plaintiff his due process rights at a parole revocation hearing and by submitting false, misleading, and erroneous reports to have the plaintiff's parole revoked. *Id.*

The complaint goes on to describe various constitutional and Wisconsin state law violations in detail. First, the plaintiff alleges that on or about October 2006, December 13, 2006, March 27, 2006, and October 9, 2007, defendant Zbieranek gave false statements

3

"and false swearing" by submitting false reports in which he moved for the plaintiff's parole to be revoked, in violation of Wis. Stat. § 946.32. (Complaint at i.)

Second, the plaintiff alleges that he was released from custody on December 7, 2006, "with an alternative to revocation (ATR) that he participate in out-patient alcohol & drug treatment, and that he be placed on an electronic monitoring devise [sic]." *Id.* On December 12, 2006, defendant Zbieranek came to the plaintiff's home to put the electronic monitoring device on him. Instead of placing the device on him, defendant Zbieranek informed the plaintiff "that he could not place the devise on him on 12,12,06, because it had not yet arrived, and that HE WAS GOING ON VACATION FOR THREE WEEKS, and he would place the devise on him upon his return in THREE WEEKS." *Id.* However, the following day, defendant Zbieranek returned to the plaintiff's home with the police, tested him, and had him arrested at his home for testing positive for drug usage. The plaintiff claims that defendant Zbieranek's actions violated "the rules, policy and procedures of the DOC/DCC, state and federal mandates, and due process." *Id.* The plaintiff further alleges that during his entire period of parole, he was on the following prescription medications: Prozac, Trazodone, HCTZ, Isinopril, clonidine, inderal, and others.

Third, the plaintiff alleges that the defendant threatened him three times to admit to alcohol and drug usage in order for him to receive an alternative to revocation (ATR) and to be placed in three different types of alcohol and other drug (AODA) treatment programs. The plaintiff asserts that he was told to agree to the ATR or he would be sent back

4

to prison, and since he has a life sentence and is in Wisconsin under the Interstate Compact Agreement, the plaintiff was under pressure of being returned to prison with a life sentence. Therefore, he tried to agree with the agent due to his threats. (Complaint at ii.)

Fourth, the plaintiff alleges that the defendant "conducted a concerted effort to continually place the plaintiff in custody, requiring him to participate in various AODA treatment program[s], one which lasted for five months, in his attempt to disrupt his ability to work, seek any type of normal treatment and counseling, and which caused him to lose the support from his family and friends." *Id.* He further alleges that the defendant made several false reports to the plaintiff's family members that the plaintiff was using and selling drugs, when he was not, which caused serious family problems for the plaintiff.

Fifth, the plaintiff alleges that on or about October 10, 2007, the defendant caused the plaintiff to be arrested for four false allegations of parole violation. Since the plaintiff is on "Compact agreement," he states that he is only entitled under Wisconsin law to a probable cause hearing instead of a final hearing before an administrative law judge. *Id.* The plaintiff alleges that at his hearing on November 5, 2007, he tried to exercise his right to call witnesses, but his request was denied. He further alleges that because of the submission of false reports, the hearing parole agent "found probable cause[.]" *Id.* The plaintiff claims that he was denied his right to a fair hearing.

In addition to the allegations set forth above, the plaintiff requests that the court consider whether he states a claim under the American with Disabilities Act, since two of the

5

medications he was on are "psych" medications and because he has been under treatment for a mental disability. (Complaint at iii.) The plaintiff alleges that the AODA facilities that he was placed at did not provide medical services to residents and prohibited residents from leaving the facility for four to six weeks. "This was apparently done on the part of the defendant, knowing that he could not receive medical treatment and medications." *Id.* The plaintiff alleges that while at the Thurgood Marshall Home he had to have eye surgery due to lack of medical services at the center. The plaintiff further alleges that he "could not receive life threatening meds for his high blood pressure." *Id.*

According to the plaintiff, he has suffered the following injuries: eye injury which required surgery; psychiatric treatment for mental health; loss of employment; loss of home and residence; loss of family relationships; illegal detention four times; emotional and mental distress; and eye, face, leg injuries due to excessive use of force at arrest. For relief, he seeks a temporary restraining order prohibiting the DOC/DCC from transferring him out of state on "Interstate Compact Agreement" prior to the adjudication of this case, and $2.3 million in damages. (Complaint ¶ V.)

An individual on parole has a protectible liberty interest associated with his status as a parolee. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Consequently, parole may not be revoked without due process of law. *See id.*

However, claims challenging the fact or duration of state confinement are not cognizable under § 1983. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). This is true

6

whether a claimant seeks an injunction, *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973), or seeks damages, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and regardless of the nature of that confinement, "whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment, or disciplinary punishment for the violation of a prison's rules." *Antonelli v. Foster*, 104 F.3d 899, 900-01 (7th Cir. 1997); *see also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (finding that *Heck* bars a § 1983 suit that would necessarily imply the invalidity of a parole revocation). However, a claimant is not barred from bringing a § 1983 suit that challenges official misconduct unrelated to legal process, including detention in the absence of any legal process. *Antonelli*, 104 F.3d at 901 (stating that *Heck* would not bar a claim of "an unconstitutional arrest without a warrant, the gratuitous beating of the arrested person, his confinement in the Black Hole of Calcutta whether pre- or postconviction, and so forth").

The plaintiff claims that defendant Zbieranek filed false reports regarding the plaintiff's conduct while he was on parole which resulted in his parole being revoked and that therefore his revocation hearing, which relied on the false reports, was constitutionally deficient. The plaintiff's due process claim against defendant Zbieranek is barred by *Preiser* and *Heck*. Success on this claim would necessarily imply the invalidity of the plaintiff's parole revocation and thus the plaintiff cannot bring a § 1983 suit in federal court challenging his revocation unless that revocation has been overturned in another forum. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (stating that where *Heck* bars a § 1983

7

claim, a district court should dismiss such claim without prejudice so that the plaintiff may collaterally attack the legal process that led to his confinement).

In addition, the plaintiff may not proceed on his remaining claims under the Americans with Disabilities Act and Eighth Amendment because he has not identified any defendant who were personally involved in such claims. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Finally, the court declines to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 [7th Cir. 1988], *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 [1989]).

### ORDER

**IT IS THEREFORE ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 30th day of June, 2008.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA
Chief Judge**